IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GALE MAYER

    Plaintiff,

vs.                                                      Civ. No. 97-976 M\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Remand To Administrative Law Judge, filed April 9, 1998. The Commissioner denied Plaintiff's request for disability insurance benefits. Plaintiff alleges a disability due to back pain.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**.

(citation omitted).

4.  Plaintiff contends that this matter should be remanded to the Commissioner so that he can consider new medical evidence consisting of medical reports leading up to a second back surgery as well as the post-operative medical reports.  42 U.S.C. §405(g) states that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...."  Evidence is "new" if it is not duplicative or cumulative. **See, e.g., Bradley v. Califano**, 573 F.2d 28, 31 (10th Cir. 1978).  Evidence is "material" to the determination of disability if the new evidence would have changed the Commissioner's decision had it been before him.  **Hargis v. Sullivan**, 945 F.2d 1482, 1493 (10th Cir. 1991). Moreover, proffered evidence must be related to the time period for which the benefits were denied.  **Id**. (citing **Johnson v. Heckler**, 767 F.2d 180, 183 (5th Cir. 1985)).

5.  The Commissioner argues that the recent medical evidence at issue is immaterial to this case because it is not relevant to the time period for which the Plaintiff was denied benefits.  Plaintiff was last insured for disability insurance benefits purposes on March 31, 1995.  The recent medical evidence covers the period from September 1996 through May 1997.  The second back surgery took place on December 6, 1996.  Based on these dates, the Commissioner concludes that the recent medical evidence does not relate to the time period prior to March 31, 1995 and so cannot be material to this case.

6.  The Plaintiff argues that the recent medical evidence relates back to the period before March 31, 1995, because the evidence documents the Plaintiff's problems with the same back

injury he has been suffering from all along.  I agree with the Plaintiff to a point.  The recent medical evidence dating prior to the second surgery describes the Plaintiff's complaint as being "continued," "persistent," "chronic," or "recurrent" low back pain; pain which the Plaintiff contends to have suffered from despite his first surgery on May 5, 1994 and perhaps because of that surgery.  The ongoing nature of the Plaintiff's alleged pain makes the recent medical evidence relevant and material at least up to the second surgery.  The alleged nonsuccess of the second surgery is a whole other matter.  It is difficult to conceive that the resulting pain from the second surgery is necessarily related to the alleged failure of the first surgery or even the initial back injury.  Any nexus between the post-second surgery pain and prior allegations of pain is simply too extenuated.  Consequently, I find that the medical records concerning the second surgery do not relate to the relevant time period prior to March 31, 1995.  I, therefore, conclude that the post-operative medical reports are not material.  A remand would be appropriate only with respect to the medical reports dated prior to the December 6, 1996 surgery.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Remand To Administrative Law Judge in part.  Specifically, I recommend remanding this matter to the Commissioner to that he can consider those medical reports dated prior to December 6, 1996.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate

review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE